# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MIGUEL ANGEL SANCHEZ,<br><br>　　　　　　　　　　Defendant. | Case No. 23-cr-01241-BAS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE (ECF No. 35) AND MOTION TO APPOINT COUNSEL (ECF No. 36)** |

　　　　Defendant Miguel Angel Sanchez moves to correct his sentence based on the new guideline amendments for zero-point offenders. (ECF No. 35.) In addition, he requests appointment of counsel to assist him in pursuing this Motion. (ECF No. 36.) However, at the time he was sentenced, in anticipation of the change in the guideline calculations, the Court already applied the two-point reduction. In addition, the Court referred the case to the Federal Defenders Office for an assessment as to whether appointment of counsel was warranted. (ECF No. 37.) Federal Defenders concluded counsel was not necessary. (ECF No. 39.) Therefore, since Defendant has already received the requested relief, his Motions are **DENIED**.

The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

On October 19, 2023, before the official adoption of these guideline amendments, the Court sentenced Defendant to 46 months in custody, concurrent on all counts. (ECF No. 34.) At the time of Sentencing, according to the Statement of Reasons completed by the Court, the Court departed downward two points in Defendant's base offense level in anticipation of the above-referenced U.S.S.G. amendments.

Defendant now files a Motion to Correct his Sentence based on the U.S.S.G. amendments. (ECF No. 35.) He argues that he is entitled to a two-point downward variance in his base offense level because he is a zero-point offender. (*Id.*) In addition, Defendant moves for appointment of counsel to assist him in pursuing his motion. (ECF No. 36.)

The Court referred Defendant's case to the Federal Defenders Office "to represent initially all potentially eligible candidates" under the new guideline amendments and "to determine whether a joint recommendation is appropriate in this case." (ECF No. 37.) Federal Defenders concluded additional representation was not necessary. (ECF No. 39.)

Because Defendant already received the requested two-point deduction at the time of sentencing and because the Federal Defenders Office has concluded additional representation is not necessary, both Motions are **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 19, 2024**

Hon. Cynthia Bashant
United States District Judge